[Crim. No. 460.   Department One.—January 25, 1899.]

THE PEOPLE, Respondent, v. FRANK J. GROSS, Appellant.

CRIMINAL LAW — HOMICIDE—REQUESTED INSTRUCTION — ASSUMING FACT AGAINST EVIDENCE.—Upon the trial of a defendant accused of murder, an instruction requested by the defendant which assumes a fact of which the evidence fairly indicates the contrary, is properly refused.

ID.—EVIDENCE— BROAD THREAT AGAINST FAMILY OF DECEASED.—It is competent to prove a broad threat made by the defendant, who was the uncle of the deceased, during the year in which the homicide was committed, "that he would wipe out the whole family," using the family name to describe it, "and then shoot himself, and that would end the programme," and it was for the jury to say whether the deceased was included in such threat.

APPEAL from a judgment of the Superior Court of Tuolumne County and from an order denying a new trial. G. W. Nicol, Judge.

The information charged the defendant, F. J. Gross, with the murder of F. E. Gross, committed on the ninth day of November, 1897, at Tuttletown. The defendant was an uncle of the deceased. J. F. Black testified that the threat referred to in the opinion was made in the latter part of January, 1897. Bernard McDonald testified to hearing similar threats made against the Gross family in July, 1897. Further facts are stated in the opinion.

F. W. Street, and Crittenden Hampton, for Appellant.

W. F. Fitzgerald, Attorney General, and Henry C. Carter, Deputy Attorney General, for Respondent:

GAROUTTE, J.—Defendant has been convicted of manslaughter, and appeals to this court. It is now insisted that the evidence fails to justify the verdict. We pass the contention by saying that, after a careful examination of the record, we are entirely satisfied the verdict has full support in the evidence.

It is claimed that error was committed in the refusal of the court to give the following instruction:

"If you find from the evidence that while the deceased and his brother were engaged in fixing the water-barrel the defendant said to them: 'Don't turn off the water,' and went into the saloon, and if you further find from the evidence the deceased and his brother left the water barrel and returned with arms, then I instruct you that defendant's saying to deceased and his brother, 'Don't turn off the water,' and then going into the saloon, was no sufficient cause for the deceased and his brother, or either of them, returning armed to said water barrel."

There are many legal objections which may be urged to this instruction as a sound declaration of law. As a fair illustration of these objections, it may be said that the evidence fairly indicates that the defendant did not go into his saloon until the brothers had left the water barrel for their weapons.

The following question was asked and answered under objection:

"Q. I will ask you, Mr. Black, if you heard this defendant state while at Tuttletown or elsewhere that he would wipe out the entire Gross family?" The witness answered: "He said he would wipe out the name and then shoot himself, and that would end the programme." The question was entirely proper, and likewise the answer. The fact that the deceased had not been living in Tuttletown for several years is an element wholly immaterial. The threat was a broad one. It appeared to cover the entire Gross family, and under this language it was for the jury to say whether or not the deceased was included therein. There is no error in the record.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.